UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME REID, <br><br> Plaintiff, <br><br> -against- <br><br> EXELON CORPORATION LLC, et al., <br><br> Defendants. | 21-CV-11233 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), the Energy Reorganization Act ("ERA"),[1] and New York and New Jersey antidiscrimination and whistleblower state statutes. He alleges that Defendants breached a September 13, 1989, settlement agreement that Plaintiff signed when he worked at the Nine Mile Point Nuclear Station ("Nine Mile"), located in Oswego County, New York. Named as Defendants are Exelon Corporation LLC/Exelon Generation LLC ("Exelon), located in Oswego County; Constellation New Energy ("Constellation"), located in New York County, New York, and Niagara Mohawk Corporation ("Niagara Mohawk"), now known as National Grid, located in Kings County, New York.

---

[1] "Section 210 of the Energy Reorganization Act provides a remedy for an employee who has been discriminated against or discharged for making safety complaints. Section 210 also creates a procedural framework for vindication of this right. An aggrieved employee may file a complaint with the Secretary of Labor within thirty days after a violation. The Secretary must investigate the claim and either deny it or take remedial action within ninety days. Parties may seek review of the Secretary's decision in the United States Court of Appeals. The Secretary may seek civil enforcement of its order against an employer in federal court." *Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 637 (2d Cir. 1989).

For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## BACKGROUND

Plaintiff alleges the following, in an affidavit attached to his complaint:

> In or about February 8, 1988, I filed a complaint with the Nuclear Regulatory Commission (NRC), Equal Employment Opportunity Commission (EEOC), and OFCCP regarding safety related concerns, discrimination and retaliation. I also filed discrimination and retaliation complaints with the [Niagara Mohawk] now known as National Grid. Because of the complaints I made with the outside agencies [Niagara Mohawk] and Nine Mile . . . agreed to offer[ ] me a settlement agreement which I accepted.

(ECF 2-1, at 2.) According to Plaintiff, Defendants "abolish[ed] . . . the Drafting Technician position in the electrical planning department . . . [which had been] promised to [Plaintiff] in the settlement agreement." (*Id.*) Plaintiff attempted "to again resolve this matter" with Defendants, in December 2020, but his "employers refused to accept the terms of the settlement agreement and have denied [Plaintiff] rights, privileges and benefits of employment." (*Id.*)

Plaintiff attaches to the complaint a charge of discrimination he filed with the U.S. Equal Employment Opportunity Commission ("EEOC") in Buffalo, New York, naming Exelon, Nine Mile, and National Grid. (ECF 2-3.) He also alleges that on March 1, 2021, he filed a complaint with the NRC against Exelon. (ECF 2-1, at 3.)

## DISCUSSION

A.  **Venue Provisions**

Under the applicable venue provision for claims under Title VII and the ADA, such claims may be brought in:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within

2

<pre>        any such district, such an action may be brought within the judicial district in
        which the respondent has his principal office.
</pre>

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); *see* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's venue provision for claims brought under the ADA); 29 U.S.C. § 794a(a)(1) (same as to Rehabilitation Act).

Claims brought under the ADEA are governed by Section 1391. *See, e.g.*, *Holmes v. Romeo Enterprises*, LLC, No. 15-CV-3915 (VB), 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015) (noting that "[n]otwithstanding the [ADEA'S] reference to 'any court of competent jurisdiction,' the general venue provision in Section 1391(b) still applies" to ADEA claims). Claims brought under 42 U.S.C. § 1981 also are governed by the general venue provision at 28 U.S.C. § 1391(b), as that statute does not have a specific venue provision.

Under Section 1391(b), a federal civil action may be brought in:

<pre>        (1) a judicial district in which any defendant resides, if all defendants are residents
        of the State in which the district is located; (2) a judicial district in which a
        substantial part of the events or omissions giving rise to the claim occurred . . . ,
        or (3) if there is no district in which an action may otherwise be brought as
        provided in this section, any judicial district in which any defendant is subject to
        the court's personal jurisdiction with respect to such action.
</pre>

28 U.S.C. § 1391(b). Under that provision, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

**B.    Venue for Plaintiff's Claims**

Because Plaintiff alleges that he worked in New York State, this court, and every other federal district court within the State of New York, are proper venues for his Title VII, ADA, and Rehabilitation Act claims. *See* § 2000e-5(f)(3).

As to Plaintiff's claims under Section 1981 and the ADEA, it does not appear that this court is a proper venue for Plaintiff's claims. First, although Plaintiff does name as a defendant Constellation Energy, an entity located in the Southern District of New York, Plaintiff does not allege any facts showing this defendant's involvement in Plaintiff's claims suggesting that this district is a proper venue under Section 1391(b)(1). Second, because Plaintiff alleges no facts showing that a substantial part of the events giving rise to his claims occurred within this federal judicial district, this court is not a proper venue under Section 1391(b)(2).

**C.     Transfer in the Interest of Justice**

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

4

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff filed this action regarding events that occurred at his workplace in Oswego County, located in the Northern District of New York. Plaintiff names Defendants located in the Northern District, including his former employer, Nine Mile, and Exelon. While Plaintiff also names Constellation Energy and National Grid, his allegations against National Grid are vague and he does not allege any facts suggesting Constellation Energy's involvement.

The Court finds that the proper venue for this action is in the Northern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to

proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 31, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge